**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **AMEERA SHAHEED** and | **:** | |
| **EARL DICKERSON**, | **:** | |
| | **:** | **C. A. No. 1:21-cv-01333 CFC** |
| Plaintiffs, | **:** | |
| | **:** | |
| v. | **:** | |
| | **:** | |
| **CITY OF WILMINGTON**, **FIRST** | **:** | |
| **STATE TOWING, LLC**, and | **:** | |
| **CITY TOWING SERVICES, LLC**, | **:** | |
| | **:** | |
| Defendants. | **:** | |

**ANSWER TO THE COMPLAINT**
**OF DEFENDANT CITY TOWING SERVICES, LLC**
**WITH CROSSCLAIMS**

1. Denied as to any wrongful conduct of this answering defendant.

2. Admitted, except that this answering defendant did not scrap "thousands" of vehicles.

3. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain to solely to the conduct of another defendant.

4. Denied as stated.

5. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

**Jurisdiction and Venue**

6. Admitted.

7. Admitted.

8. Admitted.

## Parties

9.  This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

10.  Admitted upon information and belief.

11.  Admitted.

12.  This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

13.  To the extent this paragraph calls for a legal conclusion, denied.  As to the balance, the factual matter is admitted.

## Factual Allegations

**City of Wilmington**

14.  Admitted.

15.  Denied as stated in that this is only a partial statement of the provisions of the cited section of the City Code.

16.  Denied as stated in that this is only a partial statement of the provisions of the cited section of the City Code.

17.  Admitted.

18.  Admitted.

19.  Admitted.

20.  Admitted.

21.  Admitted.

22.  Admitted.

23.  Admitted.

24.  Admitted.

25. Admitted.

26.  Admitted.

27.  This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

28. Admitted.

29. Admitted.

30. Admitted.

31.  This answering defendant is unable to admit or deny the statement in this paragraph in that its meaning is obscure and it is, therefore, deemed denied.

32.   This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

33.  Admitted as to this answering defendant.

34.  Admitted as to this answering defendant.

35.  Admitted as to this answering defendant.

36.  Admitted as to this answering defendant.

37.  Admitted as to this answering defendant.

38.  Admitted as to this answering defendant.

39.  Admitted.

40.  As to this answering defendant, denied as stated.

41.  Admitted upon information and belief.

42.  Admitted upon information and belief.

43.  Denied as stated.

**Ameera Shaheed**

44.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

45.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

46.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

47.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

48.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

49.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

50.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

51.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

52.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

53.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

54.   This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

55. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

56. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

57. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

58. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

59. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

60. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

61. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

62. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

63. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

64. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

65. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

66. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

67. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

68. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

69. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

70. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

71. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

72. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

73. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

74. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

75. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

76. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

77. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

78. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

79. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

80. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

81. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

82. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

**Earl Dickerson**

83. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

84. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

85. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

86. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

87. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

88. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

89. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted upon information and belief.

95. Denied as stated.

96. Admitted.

97. Admitted.

98. Denied.

99. Denied.

100. Denied as stated.

101. The allegations in this paragraph are directed to conduct of another defendant and this answering defendant is unable to admit or deny and they are, therefore, deemed denied.

102. The allegations in this paragraph are directed to conduct of another defendant and this answering defendant is unable to admit or deny and they are, therefore, deemed denied.

103. The allegations in this paragraph are directed to conduct of another defendant and this answering defendant is unable to admit or deny and they are, therefore, deemed denied.

104. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

105. Admitted.

106. Admitted.

107. Admitted as to this answering defendant.

108. This answering defendant is without sufficient knowledge or information to know what plaintiff Dickerson may or may not have done and the allegations in this paragraph are, therefore, deemed denied.

109. This answering defendant is without sufficient knowledge or information to speculate as to the matter stated in this paragraph and the allegations are, therefore, deemed denied.

110. Denied.

111. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

112. Admitted as to this answering defendant.

113. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

**Defendants Acted Under Color of State Law**

114. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

115. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

116. Admitted.

117. Admitted.

118. Admitted.

119. Denied as stated.

120. Admitted as to this answering defendant.

121. Admitted upon information and belief.

122. Denied as stated.

123. Admitted as to this answering defendant.

124. Denied as stated.

125. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

126. Denied as stated.

127. Denied as stated.

**Harm to Plaintiffs**

128. Denied as stated.

129. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

130. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

131. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

132. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

133. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

134. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

135. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

136. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

137. Denied as stated.

138. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

## **Count 1**

139. Answering defendant realleges and incorporates by reference its answers to paragraphs 1 through 138.

140. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

141. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

142. To the extent that the allegations in this paragraph call for a legal conclusion, this answering defendant is not required to respond.  As to the factual allegations, this answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

143. Denied as stated.

144. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

145. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

146. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

147. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond, nor is this answering defendant able to admit or deny the allegations insofar as they relate to plaintiff Shaheed.

148. Admitted as to this answering defendant as the allegations relate to plaintiff Dickerson only.

149. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

150. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

## **Count 2**

151. Answering defendant realleges and incorporates by reference its answers to paragraphs 1 through 150.

152. This is a legal statement that requires no response.

153. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

154. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

155. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

156. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

157. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

158. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

159. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

160. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

161. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

162. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

163. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

164. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

## <u>Count 3</u>

165. Answering defendant realleges and incorporates by reference its answers to paragraphs 1 through 164.

166. This is a legal statement that requires no response.

167. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

168. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

169. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

170. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

171. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

172. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

173. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

174. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

175. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

## **Count 4**

176. Answering defendant realleges and incorporates by reference its answers to paragraphs 1 through 175.

177. This is a legal statement that requires no response.

178. This is a legal statement that requires no response.

179. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

180. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

181. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

182. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

183. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

184. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

185. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

186. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

187. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

188. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

189. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

190. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

191. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

192. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

193. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

**Count 5**

194. Answering defendant realleges and incorporates by reference its answers to paragraphs 1 through 193.

195. This is a legal statement that requires no response.

196. This is a legal statement that requires no response.

197. Admitted as to this answering defendant and plaintiff Dickerson's vehicle only.

198. Admitted that this answering defendant does not provide such a hearing.

199. Denied as to this answering defendant.

200. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

201. This answering defendant is unable to admit or deny the allegations in this paragraph in that they appear to be addressed to defendant City of Wilmington only.

202. This answering defendant is not obligated by the terms of its contract with the City of Wilmington to provide any type of hearing, and the allegations of this paragraph are, therefore, deemed denied.

203. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

204. This answering defendant is not obligated by the terms of its contract with the City of Wilmington to collect amounts owed for parking tickets, and the allegations of this paragraph are, therefore, deemed denied.

205. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

206. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

207. This answering defendant is not obligated by the terms of its contract with the City of Wilmington to provide hearings of any kind or type, and the allegations of this paragraph are, therefore, deemed denied.

208. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

209. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

210. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

## **Count 6**

211. Answering defendant realleges and incorporates by reference its answers to paragraphs 1 through 210.

212. This is a legal statement that requires no response.

213. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

214. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

215. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

216. This answering defendant is unable to admit or deny the allegations in this paragraph in that they pertain solely to plaintiff Shaheed and/or to other defendants.

217. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

218. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

219. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

220. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

221. This answering defendant is unable to admit or deny the allegations in this paragraph in that they appear to pertain solely to defendant City of Wilmington, but to the extent they relate to this answering defendant, this answering defendant is without sufficient knowledge or information to admit or deny the allegations, and they are, therefore, deemed denied.

222. This answering defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph and they are, therefore, deemed denied.

223. The allegations in this paragraph call for a legal conclusion and this answering defendant is not required to respond.

224. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

225. The allegations of this paragraph are a prayer for relief and, as such, they are deemed denied.

WHEREFORE, Defendant City Towing Services, LLC requests that the Court enter an Order denying the relief requested and dismissing this action as to it.

### FIRST AFFIRMATIVE DEFENSE

226. The action against this answering defendant is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

227. The allegations against this answering defendant fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

228. The injuries complained of are the result of the conduct of a party or parties other than this answering defendant and this answering defendant is not responsible for the conduct of that party or parties.

### FOURTH AFFIRMATIVE DEFENSE

229. The conduct of the City of Wilmington constitutes a superseding and intervening cause that relieves this answering defendant of responsibility for any harm to plaintiff Dickerson.

### FIFTH AFFIRMATIVE DEFENSE

230. This answering defendant is immune from liability for any conduct performed in accordance with its contract with the City of Wilmington.

## SIXTH AFFIRMATIVE DEFENSE

231. This answering defendant is immune from liability for conduct performed or not performed at the direction of the City of Wilmington.

## SEVENTH AFFIRMATIVE DEFENSE

232. The contract between this answering defendant and the City of Wilmington was a contract of adhesion.

## EIGHTH AFFIRMATIVE DEFENSE

233. The duty to provide notices and opportunities for hearings is the duty and obligation of the City of Wilmington, a governmental entity, and not of this answering defendant, a private company whose obligations are defined by, and limited by, its contract with the City of Wilmington.

## MOTION TO DISMISS

234. This answering defendant moves to dismiss the action against it because it fails to state any claim upon which relief can be granted.

## CROSSCLAIM AGAINST DEFENDANT CITY OF WILMINGTON

235. City Towing Services, LLC ("City Towing") bid the towing contract for the City of Wilmington ("the City") and was awarded the contract in November 2019.  The contract's term was for one year from December 1, 2019 to November 30, 2020.

236. The City presented the towing contract to City Towing and all other bidders with the instruction that none of the terms of the contract were negotiable and that they were to bid on

only two terms: the cost to be charged the vehicle owner for towing each vehicle and the cost to be charged the vehicle owner for storage of the vehicle for the first 30 days after it was towed.

237. Pursuant to the terms of the contract, City Towing was not responsible for collecting any amounts owed to the City for parking violations or other administrative fees imposed by the City.  Those fines and fees were to be collected exclusively by the City.

238. Pursuant to the terms of the contract, City Towing was permitted to tow and store only those vehicles designated by the City.  City Towing had no authority to determine which vehicles were to be towed; that determination rested solely with the City.

239. Pursuant to the terms of the contract, City Towing was required to store the vehicle until the owner appeared with a written Release to retrieve it.  The Release could be issued only by the City.

240. Pursuant to the terms of the contract, City Towing was responsible for sending a notice letter to the owner of each vehicle it towed.  The precise wording of the letter was dictated by the City.

241. Pursuant to the terms of the contract, City Towing was not responsible for providing any other notice to the owners of the vehicles towed.

242. Pursuant to the terms of the contract, City Towing was not responsible for providing any type of hearing to the owners of vehicles that it towed, either before or after the vehicles were towed.

243. City Towing was subsequently awarded the towing contract for a second year for the one-year term from December 1, 2020 to November 30, 2021.

244. The terms of the contract for the second year were the same as for the first year and were again non-negotiable.

245. City Towing is a private company whose duties and obligations to vehicle owners are defined by the non-negotiable terms of the contract prepared by the City.

246. The City is a governmental entity that was uniquely situated to create and enforce the traffic laws and ordinances of the City of Wilmington, and to thereby provide for the protection of vehicle owners' rights and responsibilities; those rights include the right to due process under the law and equal protection of the law, including the duty to avoid the imposition excessive fines and penalties.

247. Because City Towing had no right or responsibility pursuant to the terms of the contract to provide any type of hearing to the owners of towed vehicles, including plaintiff Dickerson, only the City is answerable to plaintiff Dickerson for any harm done to him, including the deprivations of rights set forth in the Complaint and referenced in the preceding paragraph.

WHEREFORE, Defendant City Towing Services, LLC requests that the Court enter an Order relieving it of all responsibility for Defendant City of Wilmington's failure to provide adequate protection of the Constitutional rights of vehicle owners in the city, and to further Order that the City of Wilmington be responsible for payment of City Towing's reasonable attorneys fees and costs incurred in defending this action.

## **CROSSCLAIM FOR CONTRIBUTION**

248. This answering defendant denies that it has any liability whatsoever to plaintiff Dickerson.  However, if this answering defendant is held to answer to plaintiff Dickerson under the allegations against it in the Complaint, then the co-defendants are jointly and severally liable with this answering defendant because of the allegations against them in the Complaint and, accordingly, this answering defendant is entitled to contribution from the co-defendants for any

amount which this answering defendant may be required to pay to plaintiff Dickerson and is also entitled to have the relative degrees of fault determined.

## CROSSCLAIM FOR INDEMNIFICATION

249. This answering defendant denies that it has any liability whatsoever to plaintiff Dickerson.  However, if this answering defendant is held to answer to plaintiff Dickerson under these allegations against it in the Complaint, then this answering defendant is entitled to indemnification from other defendants for any amount which this answering defendant may be required to pay to plaintiff Dickerson.

JOSEPH W. BENSON, P.A.

*/s/* Joseph W. Benson
Bar No. 196
*/s/* Andrew G. Ahern III
Bar No. 2083
1701 North Market Street
P.O. Box 248
Wilmington, DE 19899
(302) 656-8811
(302) 656-4230 fax
aahern@jwbpa.com
Attorneys for Defendant
City Towing Services, LLC

Dated: November 29, 2021