IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMEERA SHAHEED and          :
EARL DICKERSON,             :
                            : C.A. No. 1:21-cv-01333-CFC
       Plaintiffs,          :
                            :
                            :
CITY OF WILMINGTON, FIRST   :
STATE TOWING, LLC and CITY  :
TOWING SERVICES, LLC.       :
                            :
       Defendants.          :

## DEFENDANT FIRST STATE TOWING, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSPECTIVE, RETROSPECTIVE, <u>AND EQUITABLE RELIEF</u>

### <u>Introduction</u>

1.     Denied as stated. ¶1 of Plaintiffs' Complaint contains conclusion of law to which no response is required.  To the extent a response is required, same is denied.  Answering Defendant specifically denies that it in any way was involved wrongfully taking anyone's car.

2.     Denied as stated.  To the extent ¶2 of Plaintiffs' Complaint refers to any contract between Answering Defendant and Defendant, City of Wilmington, that contract is a document which speaks for itself and any attempt to characterize same is specifically denied.  Answering Defendant specifically denies that it has engaged in any wrongdoing as it relates to any contract between it and the City of Wilmington.

3.     Denied as stated.  Answering Defendant is without sufficient knowledge

or information to admit or deny the averments of ¶3 of Plaintiffs' Complaint.

4.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶4 of Plaintiffs' Complaint. Further, based upon additional allegations in the Plaintiff's Complaint, Answering Defendant was not involved, in any way, in towing a vehicle owned by Earl Dickerson, as alleged in Plaintiff's Complaint.

5.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶5 of Plaintiff's Complaint.

## Jurisdiction and Venue

6.     Denied as stated. ¶6 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, same is denied.

7.     Denied as stated. ¶7 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, same is denied.

8.     Denied as stated. ¶8 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, same is denied.

## Parties

9.     Admitted upon information and belief.

10.     Denied as stated. Answering Defendant is without sufficient knowledge

or information to admit or deny the averments of ¶10 of Plaintiff's Complaint.

11.     Admitted upon information and belief.

12.     Denied as stated.  It is admitted that Defendant, First State Towing, LLC is a Delaware limited liability company.  It is denied that Defendant, First State Towing, LLC, acted under color of state law.

13.     Denied as stated.  ¶13 of Plaintiffs' Complaint is directed at defendants, other than Answering Defendant.  Therefore, no response is required.  To the extent a response is required, same is denied.

## Factual Allegations

14.     Denied as stated.  Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶14 of Plaintiff's Complaint.

15.     Denied as stated.  ¶15 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

16.     Denied as stated.  ¶16 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

17.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶17 of Plaintiffs' Complaint.

18.     Denied as stated. Answering Defendant is without sufficient knowledge

or information to admit or deny the averments of ¶18 of Plaintiffs' Complaint.

19.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶19 of Plaintiffs' Complaint.

20.     Denied.

21.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶21 of Plaintiffs' Complaint.

22.     Denied as stated.  Any contract between the City of Wilmington, and Answering Defendant is a document which speaks for itself and any attempt to characterize same is specifically denied.  Strict proof thereof is demanded.

23.     Denied as stated.  Any contract between Defendant, City of Wilmington, and Answering Defendant is a document which speaks for itself and any attempt to characterize same is denied.  Strict proof thereof is demanded.

24.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶24 of Plaintiffs' Complaint.

25.     Denied.

26.     Denied.

27.     Denied as stated.  Any contract between Answering Defendant and the City of Wilmington is a document which speaks for itself and any attempt to characterize same is denied.  Strict proof thereof is demanded.

28.     Denied as stated. Answering Defendant is without sufficient knowledge

or information to admit or deny the averments of ¶28 of Plaintiffs' Complaint as they are directed to defendants, other than Answering Defendant.

29.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶29 of Plaintiffs' Complaint as they are directed to defendants, other than Answering Defendant.

30.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶30 of Plaintiffs' Complaint.

31.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶31 of Plaintiffs' Complaint.

32.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶32 of Plaintiffs' Complaint.

33.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶33 of Plaintiffs' Complaint.

34.     Denied as stated.  ¶34 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.   Additionally, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶34 of Plaintiff's Complaint.

35.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶35 of Plaintiffs' Complaint.

36.     Denied as stated. Answering Defendant is without sufficient knowledge

or information to admit or deny the averments of ¶36 of Plaintiffs' Complaint.

37.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶37 of Plaintiffs' Complaint.

38.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶38 of Plaintiffs' Complaint.

39.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶39 of Plaintiffs' Complaint.

40.    To the extent this allegation refers to Answering Defendant, First State Towing Service, LLC, same is denied.

41.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶41 of Plaintiffs' Complaint.

42.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶42 of Plaintiffs' Complaint.

43.    Denied.

44.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶44 of Plaintiffs' Complaint.

45.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶45 of Plaintiffs' Complaint.

46.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶46 of Plaintiffs' Complaint.

47.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶47 of Plaintiffs' Complaint.

48.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶48 of Plaintiffs' Complaint.

49.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶49 of Plaintiffs' Complaint.

50.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶50 of Plaintiffs' Complaint.

51.     Admitted.

52.     Denied.

53.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶53 of Plaintiffs' Complaint.

54.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶54 of Plaintiffs' Complaint.

55.     To the extent ¶55 of Plaintiffs' Complaint is referring to Answering Defendant, First State Towing Services, LLC, it is admitted that First State Towing Services, LLC did not obtain a warrant.  Further, Answering Defendant was authorized to tow Plaintiffs' vehicle pursuant to the terms with their contract with the City of Wilmington.

56.     Denied as stated.  ¶56 of Plaintiffs' Complaint contains conclusions of

low to which no response is required.  To the extent a response is required same is denied.

57.    Denied.

58.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶58 of Plaintiffs' Complaint.

59.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶59 of Plaintiffs' Complaint.

60.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶60 of Plaintiffs' Complaint.

61.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶61 of Plaintiffs' Complaint.

62.    Denied.

63.    Denied.

64.    Denied as stated.  To the extent this is referring to Defendant, First State Towing Services, LLC, same is denied.

## COUNT III

65.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶65 of Plaintiffs' Complaint.

66.    Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶66 of Plaintiffs' Complaint.

67.     Denied.

68.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶68 of Plaintiffs' Complaint.

69.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶69 of Plaintiffs' Complaint.

70.     Denied.  ¶70 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

71.     Denied as stated.  Any contract between Answering Defendant and the City of Wilmington is a document which speaks for itself and any attempt to characterize same is specifically denied.

72.     Admitted.

73.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶73 of Plaintiffs' Complaint.

74.     Denied.

75.     Denied as stated. Answering Defendant was not required to credit the retail value of Plaintiff's vehicle to her alleged parking date as any value received by Answering Defendant did not reach the amount of towing and storage fees owed by Plaintiff.

76.     Denied as stated. Answering Defendant denies that there would have

been any surplus value.

77.     Denied as stated. Answering Defendant denies that there was any surplus value.

78.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶78 of Plaintiffs' Complaint.

79.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶79 of Plaintiffs' Complaint.

80.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶80 of Plaintiffs' Complaint.

81.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶81 of Plaintiffs' Complaint.

82.     Denied as stated. Answering Defendant is without sufficient knowledge or information to admit or deny the averments of ¶82 of Plaintiffs' Complaint.

83.     Denied as stated.  The allegations of ¶83 of Plaintiff's Complaint are directed at defendant, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

84.     Denied as stated.  The allegations of ¶84 of Plaintiff's Complaint are directed at defendant, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are

denied.

85.     Denied as stated.  The allegations of ¶85 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

86.     Denied as stated.  The allegations of ¶86 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

87.     Denied as stated.  The allegations of ¶87 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

88.     Denied as stated.  The allegations of ¶88 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

89.     Denied as stated.  The allegations of ¶89 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are

denied.

90.    Denied as stated.  The allegations of ¶90 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

91.    Denied as stated.  The allegations of ¶91 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

92.    Denied as stated.  The allegations of ¶92 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

93.    Denied as stated.  The allegations of ¶93 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

94.    Denied as stated.  The allegations of ¶94 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are

denied.

95.     Denied as stated.  The allegations of ¶95 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

96.     Denied as stated.  The allegations of ¶96 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

97.     Denied as stated.  The allegations of ¶97 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

98.     Denied as stated.  The allegations of ¶98 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

99.     Denied as stated.  The allegations of ¶99 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are

denied.

100.   Denied as stated.  The allegations of ¶100 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

101.   Denied as stated.  The allegations of ¶101 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

102.   Denied as stated.  The allegations of ¶102 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

103.   Denied as stated.  The allegations of ¶103 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

104.   Denied as stated.  The allegations of ¶104 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are

denied.

105.   Denied as stated.  The allegations of ¶105 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

106.   Denied as stated.  The allegations of ¶106 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

107.   Denied as stated.  The allegations of ¶107 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

108.   Denied as stated.  The allegations of ¶108 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

109.   Denied as stated.  The allegations of ¶109 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are

denied.

110.   Denied as stated.  The allegations of ¶110 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

111.   Denied as stated.  The allegations of ¶111 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

112.   Denied as stated.  The allegations of ¶112 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

113.   Denied as stated.  The allegations of ¶113 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

114.   Denied as stated.  ¶114 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied as stated.  The allegations of ¶130 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

131.   Denied as stated.  The allegations of ¶131 of Plaintiff's Complaint are

directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

132.   Denied as stated.  The allegations of ¶132 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

133.   Denied as stated.  The allegations of ¶133 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

134.   Denied as stated.  The allegations of ¶134 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

135.   Denied as stated.  The allegations of ¶135 of Plaintiff's Complaint are directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

136.   Denied as stated.  The allegations of ¶136 of Plaintiff's Complaint are

directed at defendants, other than Answering Defendant, as Answering Defendant had no involvement with Plaintiff, Earl Dickerson, and, therefore, these allegations are denied.

137.   Denied as stated. ¶137 of Plaintiffs' Complaint relates to defendants, other than Answering Defendant.

138.   Denied as stated. ¶138 of Plaintiffs' Complaint relates to defendants, other than Answering Defendant.

## Causes of Action– Count I

139.   ¶139 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, same is denied.

140.   Denied as stated. ¶140 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

141.   Denied as stated. ¶141 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

142.   Denied as stated. ¶142 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

## COUNT II

151.   ¶151 is an incorporation paragraph to which no response is required.

152.   ¶152 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

153.   ¶153 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

154.   ¶154 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   ¶158 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

159.   ¶159 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

160.   ¶160 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

161.   ¶161 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   ¶165 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

166.   Denied as stated.  ¶166 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

167.   Denied as stated.  ¶167 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

168.   Denied as stated.  ¶168 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

169.   Denied as stated. ¶169 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

170.   Denied as stated. ¶170 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

171.   Denied as stated. ¶171 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

172.   Denied as stated. ¶172 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

173.   Denied as stated. ¶173 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

174.   Denied.

175.   Denied.

## COUNT IV

176.   ¶176 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, same is denied.

177.   Denied as stated. ¶177 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

178.   Denied as stated. ¶178 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

179.   Denied as stated. ¶179 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

180.   Denied as stated. ¶180 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

181.   Denied as stated. ¶181 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

182.   Denied as stated. ¶182 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

183.   Denied as stated. ¶183 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is

denied.

184.   Denied as stated. ¶184 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

185.   Denied as stated. ¶185 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

186.   Denied as stated. ¶186 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

187.   Denied as stated. ¶187 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

188.   Denied as stated. ¶188 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

189.   Denied as stated. ¶189 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

190.   Denied as stated. ¶190 of Plaintiffs' Complaint contains conclusions of

law to which no response is required.  To the extent a response is required, same is denied.

191.   Denied as stated.  ¶191 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

192.   Denied.

193.   Denied.

## COUNT V

194.   ¶194 Plaintiff's Complaint is an incorporation paragraph to which no response is required.

195.   Denied as stated.  ¶195 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

196.   Denied as stated.  ¶196 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

197.   Denied as stated.  ¶197 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

198.   Denied as stated.  ¶198 of Plaintiffs' Complaint contains conclusions of

law to which no response is required.  To the extent a response is required, same is denied.

199.   Denied as stated.  ¶199 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

200.   Denied as stated.  ¶200 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

201.   Denied as stated.  ¶201 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

202.   Denied as stated.  ¶202 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

203.   Denied as stated.  ¶203 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

204.   Denied as stated.  ¶204 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

205.   Denied as stated. ¶205 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

206.   Denied as stated. ¶206 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

207.   Denied as stated. ¶207 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

208.   Denied as stated. ¶208 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, same is denied.

209.   Denied.

210.   Denied,

## COUNT VI

211.   ¶211 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

212.   ¶212 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

213.   ¶213 of Plaintiffs' Complaint is an incorporation paragraph to which no

response is required.

214.    ¶214 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

215.    ¶215 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

216.    ¶216 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

217.    ¶217 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

218.    ¶218 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

219.    ¶219 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

220.    ¶220 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

221.    ¶223 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

224.    ¶224 of Plaintiffs' Complaint is an incorporation paragraph to which no response is required.

225.    Denied.

226.   Denied.

## FIRST AFFIRMATIVE DEFENSE

227.   Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

228.   Plaintiffs' claims against Answering Defendant are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

229.   Answering Defendant did not violate any law, statute, or ordinance in the performance of its duties under the terms of its contract with the City of Wilmington.

## FOURTH AFFIRMATIVE DEFENSE

230.   At all times relevant hereto, Answering Defendant was an independent contractor and not an agent of the City of Wilmington.

## FIFTH AFFIRMATIVE DEFENSE

231.   Plaintiffs failed to mitigate any damages claimed.

## SIXTH AFFIRMATIVE DEFENSE

232.   The claims asserted by Plaintiffs were proximately caused by another Defendant and not Answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to supplement these affirmative defenses as discovery is conducted.

## CROSS-CLAIM AGAINST THE CITY OF WILMINGTON

233.   Answering Defendant bid for the towing contract (hereinafter "Contract") with the City of Wilmington and was awarded same on or about October 23, 2019 to provide services for the period of time from December 1, 2018 through to November 30, 2019.

234.   The terms of the Contract were dictated by the City of Wilmington.

235.   Pursuant to the Contract, Answering Defendant was not required to obtain a warrant to authorize them to tow a vehicle.

236.   Pursuant to the Contract, Answering Defendant was not required to provide a post-deprivation hearing.

237.   At all times relevant hereto, Answering Defendant complied with the terms of the Contract.

238.   To the extent Answering Defendant is found liable to any Plaintiff, Answering Defendant cross-claims against Defendant City of Wilmington for drafting the Contract between the parties and dictating the terms of said document.

## CROSS-CLAIM FOR CONTRIBUTION

239.   Answering Defendant denies that it is in any way liable to the

Plaintiffs.  However, in the event Answering Defendant is found liable to the

Plaintiffs, Answering Defendant is entitled to contribution from Co-Defendant

City of Wilmington for any amount which the Answering Defendant may be

required to pay to the Plaintiffs.

**CROSS-CLAIM FOR INDEMNIFICATION**

240.   In the alternative, Answering Defendant seeks full indemnification

from each Defendant City of Wilmington.

WHEREFORE, Answering Defendant requests entry of judgment in its

favor with attorneys' fees and costs to be assessed against the Plaintiffs.

FERRY JOSEPH, P.A.

*/s/ David J. Ferry, Jr.*

DAVID J. FERRY, JR. (#2149)
RICK S. MILLER (#3418)
JAMES GASPERO, JR. (#5893)
824 N. Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899
302-575-1555
dferry@ferryjoseph.com
*Attorneys for Defendant, First State*
*Towing, LLC*