# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMEERA SHAHEED and<br>EARL DICKERSON,<br><br>      Plaintiffs,<br><br>  v.<br><br>CITY OF WILMINGTON,<br>FIRST STATE TOWING, LLC and<br>CITY TOWING SERVICES, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 21-01333 CFC<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CITY OF WILMINGTON'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

 

**CITY OF WILMINGTON LAW DEPT.**
Rosamaria Tassone-DiNardo, (#3546)
Deputy City Solicitor
Laura Najemy (#6189)
Senior Assistant City Solicitor
Louis L. Redding City/County Bldg.
800 North French Street, 9th Fl.
Wilmington, DE 19801
(302) 576-2185
rtassone@wilmingtonde.gov
lnnajemy@wilmingtonde.gov

Dated: January 13, 2022

W0116220.

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ..................................................................................i

ARGUMENT ...................................................................................................1

    I.    PLAINTIFFS FAIL TO PLEAD THE CITY'S "POLICIES" CAUSED A CONSTITUTIONAL VIOLATION ..................................................1

    II.    THE CITY'S DUE PROCESS EXCEEDED THE MINIMAL DUE PROCESS REQUIREMENTS ............................................................2

    III.    PLAINTIFFS' CASES DO NOT SUPPORT THEIR FOURTH AMENDMENT CLAIMS ...............................................................4

    IV.    PLAINTIFFS DID NOT SUFFER AN UNLAWFUL TAKING WHEN THEY DID NOT RECEIVE EXCESS PROCEEDS ..........................7

    V.    THE CITY'S POLICY DOES NOT VIOLATE THE EIGHTH AMENDMENT ...................................................................................9

CONCLUSION ..............................................................................................11

# TABLE OF CITATIONS

## CASES

*Berger v. Phila. Parking Auth.*, 413 F. Supp. 3d 412 (E.D. Pa. 2019) ...................... 6

*Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017) ....................................................... 7

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) ................................... 1

*City of Seattle v. Long,* 493 P.3d 94 (Wash. 2021) .................................................. 10

*Coleman v. D.C.*, 70 F.Supp.3d 58 (D.D.C. 2014) ..................................................... 7

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ........................................ 9

*Horne v. Dep't of Agric.*, 576 U.S. 350 (2015) .......................................................... 7

*Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) .......................................... 1

*Nelson v. City of New York*, 352 U.S. 103 (1956) ..................................................... 7

*Oberhausen v. Louisville*, 527 F. Supp. 2d 713 (Ky. W. D. Ct. 2007) ...................... 8

*Rackley v. City of New York*, 186 F. Supp. 2d 466 (Feb. 27, 2002) .......................... 6

*Rosemont Taxicab Co.* v. *Phila. Parking Auth.*,
    327 F. Supp. 3d 803, 826-27 (E.D. Pa. 2018) ................................................... 3, 5

*State v. Storhoff*, 946 P.2d 783 (Wash. 1997) ............................................................ 4

*Stinnie v. Holcolm,* 355 F. Supp. 3d 514 (W.D. Va. 2018) ........................................ 3

*Tate v. District of Columbia*, 627 F.3d 904 (D.C. Cir. 2010) ............................... 6, 8

*Timbs v. Indiana*, 139 S.Ct. 682 (2019) ................................................................ 9, 10

*Tsinberg v. City of New York*,
    2021 U.S. Dist. LEXIS 13408 (S.D.N.Y. Jan 22, 2021) ................................. 3, 10

*United States v. Lawton*, 110 U.S. 146 (1884) ..........................................................7

*Wilson v. New Orleans*, 479 So. 2d 891 (La. 1985) ...................................................3

**STATUTES**

42 *U.S.C.* § 1983 ........................................................................................................1

21 *Del. C.* §4415(j) ....................................................................................................9

25 *Del. C.* §3905 .......................................................................................................9

*Wilm. C.* § 37-125(f) ..................................................................................................4

*Wilm. C.* §37-131 ......................................................................................................7

# ARGUMENT

I. **PLAINTIFFS FAIL TO PLEAD THE CITY'S POLICIES CAUSED A CONSTITUTIONAL VIOLATION.**

Plaintiffs claim to have pled the City adopted a policy causing Plaintiffs' constitutional injuries merely because their vehicles were towed, impounded and scrapped pursuant to the City's ordinances and towing contracts. (Ans. Br. 7, 8).[1] Plaintiffs' argument fails because the City's towing procedures are constitutionally sound, and Plaintiffs did not suffer a constitutional violation when their vehicles were towed, impounded and scrapped.

To succeed on their §1983 claim, Plaintiffs must plausibly show the City's policy was the "moving force" behind a constitutional violation. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Where there is no constitutional violation (as here), there is no municipal liability.

Plaintiffs cling to the flawed theory that the City adopted a "scheme" to provide it with a "free" impound program that incentivizes contractors to sell/scrap vehicles. But the City may lawfully contract for towing/impound services, so long as the contract is publicly bid and awarded to the lowest responsible bidder, a fact

---

[1] Plaintiffs disclaim they assert an unconstitutional custom, but state that, in any event, they alleged more than two incidents, pointing to the bald allegation that City Towing kept 987 of the 2,551 towed vehicles. But the allegation is conclusory, and the Court cannot reasonably infer from it liability for the misconduct alleged. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

Plaintiffs studiously ignore. Nowhere in the bid request did the City require contractors to tow or store vehicles without charge. (Exhs. A&B p.PF-1). Furthermore, if a contractor were to charge fees, *the vehicle owners,* not the City, are responsible for paying them. (Exhs. A&B ¶50). So, owners benefit because they generally do not pay these fees in addition to parking fines to redeem their vehicles.

No claim is pled because the City's procedures are constitutionally sound and Plaintiffs suffered no constitutional harm.

## II. THE CITY'S DUE PROCESS EXCEEDS MINIMAL DUE PROCESS CLAUSE REQUIREMENTS.

Plaintiffs continue to falsely assert Shaheed's due process rights were violated because her vehicle was towed and scrapped without prior notice and opportunity for a hearing. (Ans. Br. 18). Although the Due Process Clause does not require pre-deprivation process (Op. Br. 12-13), Shaheed *was* provided notice and an opportunity to be heard. She simply did not appeal all her tickets.

The tickets Shaheed failed to pay, or appeal, informed Shaheed of her right to contest the tickets. (Exhs. K, D). She also would have received a subsequent notice outlining the appeal process. (Exhs. D, E, F). Even if she had appealed and lost, she could have further appealed to JP Court, as she did with two other tickets. (Exhs. G-1, G-3). When the vehicle was booted and placarded, Shaheed was given another opportunity to appeal before being towed, and she was made aware that she had outstanding tickets. (Exhs. Q; K pp. 2,4). Requiring Shaheed to exercise her right

to appeal her parking tickets does not violate the Due Process Clause. *Tsinberg v. City of New York*, 2021 U.S. Dist. LEXIS 13408, at *32 (S.D.N.Y. Jan 22, 2021).

Instead of addressing Shaheed's failure to appeal, Plaintiffs state the fact that her vehicle was "legally parked" is relevant, quickly dispensing with the City's persuasive authority because the cases do not involve vehicles towed for unpaid fines. (Ans. Br. 19). First, the cases are analogous as Shaheed received tickets for being *illegally parked*. Second, these cases establish the Due Process Clause does not require a pre-deprivation hearing for parking violations.

Plaintiffs cite one case involving parking violations to support their position. There, however, plaintiff received no notice of the immobilization. *Wilson v. New Orleans*, 479 So. 2d 891, 899 (La. 1985). Plaintiffs also rely on *Rosemont Taxicab Co.* v. *Phila. Parking Auth.*, 327 F. Supp.3d 803 (E.D. Pa. 2018); but that case does not involve parking violations.[2]  Likewise, *Stinnie v. Holcolm,* 355 F. Supp.3d 514 (W.D. Va. 2018) involves the automatic suspension (*without any hearing*) of driver licenses for unpaid court fines. Plaintiffs' cases are unpersuasive considering the City's analogous caselaw.

Plaintiffs argue the City's post-deprivation process is insufficient because it is "paywalled" and limited to contesting the violation. (Ans. Br. 21). Plaintiffs claim

---

[2] In *Rosemont*, Philadelphia deprived taxicab drivers of their vehicles for safety reasons despite the taxicabs being inspected by Pennsylvania.

an owner must "pay the full demand under protest" to appeal. Wrong again. The owner may in fact appeal the immobilization/tow *without paying the fine*. (Op. Br. 15, n.2). Contrary to Plaintiffs' assertion in footnote 11, this process is explained in the letter mailed to vehicle owners (Exhs. A&B Att. 1) and on the City's website.[3] Further, *Wilm. C.* §37-125(f) permits the City to provide payment plans to owners of immobilized/towed vehicles.

Plaintiffs cite no persuasive support that limiting the scope of appeal to the validity of the ticket or towing/immobilization violates due process. Due process simply requires notice and an opportunity to be heard. Because they received all process due, their claims should be dismissed.

### III. PLAINTIFFS' CASES DO NOT SUPPORT THEIR FOURTH AMENDMENT CLAIMS.

Courts have regularly found towing vehicles for unpaid parking fines to be reasonable without a warrant. Likewise, no warrant is required to hold vehicles until fines and fees are paid. (Op. Br. 20). With no persuasive legal support, Plaintiffs argue the City was required to obtain a warrant before towing Shaheed's vehicle when she failed to appeal or pay certain tickets *and* to obtain a separate

---

[3] https://www.wilmingtonde.gov/how-do-i/appeal-parking-tickets-or-fines. That the booting placard neglects to state an owner may appeal without paying fines does not render the post-deprivation process inadequate. *State v. Storhoff*, 946 P.2d 783, 785 (Wash. 1997)("Minor procedural errors do not necessarily rise to the level of due process violations.").

warrant/judgment to hold Plaintiffs' vehicles until the fines or fees were paid. The cases they cite are not on point. On the contrary, Plaintiffs' arguments are contradicted by caselaw addressing the warrant requirement *in the context of parking enforcement*.

Plaintiffs cite *Rosemont* for the proposition that "the warrantless seizure of vehicles 'solely as surety for the payment of fines' violates the Fourth Amendment." (Ans. Br. 14). Because Plaintiffs' characterization of *Rosemont's* holding is inaccurate, their reliance is misplaced. *Rosemont* held the seizure of taxicabs without a warrant *and* no pre-deprivation notice violated the Fourth Amendment. *Rosemont*, 327 F. Supp. 3d at 818. The court found the lack of pre-deprivation process and inadequacy of the post-deprivation process to be salient, factors not present here.

*Rosemont* addressed the impoundment of taxicabs not authorized to operate within Philadelphia. The Philadelphia Parking Authority ("PPA"), without notice, immediately seized and impounded taxicabs without a PPA inspection sticker. They were released once the fines were paid, but without any safety inspection. In rejecting defendant's arguments, the court found the taxicabs were "impounded to guarantee the appearance of the owner at an enforcement hearing and as surety that any assessment would be paid," not for defendant's purported safety reason. *Id.* at 822-24. *Rosemont* found repugnant the summary seizure of taxicabs "prior to any

adjudication of liability, to ensure that those who are guilty will pay the fine that may later be imposed" (*Id.* at 824).

*Berger v. Philadelphia Parking Authority*, decided by the same court a year later, is instructive. *Berger* addressed whether defendant violated the Fourth Amendment by towing/booting plaintiff's "legally parked" vehicle for unpaid parking tickets and then selling it, the same issue posed by Plaintiffs. In holding defendant acted reasonably, *Berger,* finding *Tate v. District of Columbia*[4] to be "persuasive guidance," determined defendant's procedures (like the City's) provided plaintiff "ample due process at each stage of this graduated forfeiture procedure" and no warrant was required. *Berger*, 413 F. Supp. 3d 412, 417-19.

*Rackley v. City of New York* likewise found towing vehicles for delinquent parking fines to be reasonable when due process was provided and "impinged on no privacy interest." 186 F. Supp. 2d 466, 471-72 (S.D.N.Y. 2002)(relying on similar cases cited by *Tate*).

Shaheed's vehicle was towed only *after* she received multiple opportunities to contest her tickets. The ample due process provided by the City renders the towing of Shaheed's vehicle reasonable; therefore, no warrant was required.

---

[4] Contrary to Plaintiffs' assertion, *Tate v. District of Columbia* is instructive (and persuasive), addressing the exact issue posed by Plaintiffs: whether booting, towing and disposal of a vehicle for delinquent parking fines is an unreasonable seizure.

Additionally, as the City's cases demonstrate, a warrant is not required to hold vehicles until fines and fees are paid. Plaintiffs again rely on a factually inapposite case, *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017). *Brewster* involved a mandatory 30-day impoundment period for vehicles seized from unlicensed drivers, despite the owner's willingness to pay storage fees. *Id.* at 1195. The court found the 30-day impoundment to be a separate seizure requiring justification. *Id.* at 1197. *Brewster* is clearly inapplicable because the City does not have a mandatory impoundment period. Once the fines/fees are paid, the vehicle is released.

The City's procedures, including *Wilm. C.* §37-131, are reasonable, and Plaintiffs' claims should be dismissed.

## IV. PLAINTIFFS DID NOT SUFFER AN UNLAWFUL TAKING WHEN THEY DID NOT RECEIVE EXCESS PROCEEDS.

In support of their Fifth Amendment claim, Plaintiffs cite cases involving the government's taking of raisins from farmers (*Horne v. Dep't of Agric.*, 576 U.S. 350, 351 (2015)), land sold for the non-payment of taxes (*United States v. Lawton*, 110 U.S. 146, 149 (1884)), a city's foreclosure of a property for unpaid water charges (*Nelson v. City of New York*, 352 U.S. 103, 110 (1956)), a tax sale of a property (*Coleman v. D.C.*, 70 F.Supp.3d 58, 80 (D.D.C. 2014)), and the Magna Carta. Relying on this authority, Plaintiffs argue the City violated the Takings Clause by "permitting" contractors to retain surplus value from the disposal of their vehicles without crediting their debt and returning excess proceeds. Plaintiffs are incorrect.

Because the regulation of parking is grounded on a city's exercise of its police power and not on the taking of property for a public use, Plaintiffs may not rely on legal principals related to takings. This tenant explains why not a single case cited by Plaintiffs deals with towing, impounding and disposal of vehicles in the context of the Fifth Amendment.

As the City's cases instruct, Plaintiffs were not subject to an unlawful taking. Contrary to Plaintiffs' assertion, *Tate* addresses surplus value. In *Tate*, plaintiff's parking tickets totaled $300. *Tate v. District of Columbia*, 601 F. Supp. 2d 132, 134 (D.D.C. 2009) *aff.* 627 F.3d 904 (D.C. Cir. 2010). Plaintiff's vehicle was towed and sold for $4,000. *Id*. The proceeds were applied to towing costs and the remainder to a "[f]und to be used by the Abandoned and Junk Vehicle Division to carry out its duties." *Id.* at 136. Like here, the surplus was not returned nor applied to plaintiff's outstanding tickets. *Id*.

In affirming the District Court's rejection of the claim that keeping the excess proceeds was a taking, the court found the vehicle was *not* impounded and sold for a public use triggering compensation, but through "the exercise of governmental authority other than the power of eminent domain." *Tate*, 627 F.3d at 909.

Likewise, *Oberhausen v. Louisville*, 527 F. Supp. 2d 713 (W.D. Ky. 2007) involved ticketed and booted/impounded vehicles. The court dismissed plaintiffs' claim that "monies and motor vehicles" were "taken" because 1) plaintiffs received

due process and 2) collecting parking fines is not a "taking" when the government has the right "to authorize and levy parking fines." *Id.* at 725 n.19.

Impounding and disposing of vehicles to enforce parking regulations and collect fines is not a taking, even when excess proceeds are not returned, because it is done pursuant to the City's police powers, not for a public purpose. (Op. Br. 17-18). Plaintiffs argue the "public purpose" is to pay for a towing program. Plaintiffs' argument, unsupported by law, and the purported "admission" of a co-defendant eager to shift liability, are unavailing. *State law* permits towing contractors to recover their costs through selling or scrapping vehicles. 21 *Del. C.* §4415(j); 25 *Del. C.* §3905.[5] Plaintiffs' argument is not a "plausible allegation," but a legal conclusion that should be disregarded under Rule 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

V. **THE CITY'S POLICY DOES NOT VIOLATE THE EIGHTH AMENDMENT.**

Plaintiffs claim "Supreme Court precedent demonstrates that forfeiting Plaintiffs' cars over parking tickets is an Excessive Fine" (Ans. Br. 13), but the only Supreme Court authority cited involves forfeiture of a vehicle for drug trafficking, not unpaid parking tickets. In *Timbs v. Indiana*, 139 S.Ct. 682, 686 (2019), the State

---

[5] In its Fifth, Eighth and Fourteenth Amendment arguments, the City cites to 21 *Del. C.* §4415(j) and 25 *Del. C.* §3905, laws the City's contractors are required to follow. §3905 provides for the return of excess proceeds. Notably, Plaintiffs fail to acknowledge the statutes even though they are referenced in the City's contract.

initiated a civil forfeiture action because the vehicle was used to facilitate drug dealing. *Id*. at 685. But the Court did not opine on whether the forfeiture of a $42,000 vehicle was excessive when compared to a potential fine of $10,000. Rather, *Timbs* held the Excessive Fines Clause applied to the States and remanded the case. *Id*. at 691. *Berger* and *Tsinberg*, cases addressing excessiveness in the parking enforcement context, did not find *Timbs* applicable. *Berger*, 413 F. Supp.3d at 420-21 (impounding vehicle with "far greater value" than tickets not excessive when owner knows vehicle is returned after fines paid or surplus returned after sale); *Tsinberg v. City of New York*, 2021 U.S. Dist. LEXIS 13408, *40-42 (S.D.N.Y. Jan. 22, 2021)(seizure to satisfy unpaid tickets not disproportionate).

*City of Seattle v. Long* also does not support Plaintiffs' argument. There, plaintiff illegally parked his truck on city property, and it was eventually impounded. 493 P.3d 94, 99 (Wash. 2021). The court found "an ability to pay inquiry is necessary" under an excessive fines analysis. *Id.* at 114. While *Long* determined impounding plaintiff's vehicle and payment of costs violated the Eighth Amendment, the holding was limited to plaintiff's particular circumstances: he was homeless and all his clothing, bedding, money and trade tools were in the truck. *Id.* at 99, 115. *Long* did not deem impoundment for parking violations excessive as a general proposition (as Plaintiffs imply), but only in that situation because it

"deprived Long of his means of living." *Id.* at 115. Plaintiffs' situations are not analogous.

The City's cases are instructive. Even assuming disposal of a vehicle falls under the Eighth Amendment, it is not "grossly disproportionate" when undertaken pursuant to a process that provides due process, the owner can redeem his/her vehicle by paying the amounts due, and State law provides for the return of excess proceeds when a sale is pursued. (Op. Br. 22-23).

## CONCLUSION

For the reasons stated herein and in the City's Opening Brief, Plaintiffs' claims should be dismissed.

                                                **CITY OF WILMINGTON LAW DEPT.**

                                                */s/ Rosamaria Tassone-DiNardo*
                                                Rosamaria Tassone-DiNardo, (#3546)
                                                Deputy City Solicitor
                                                Laura Najemy (#6189)
                                                Senior Assistant City Solicitor
                                                Louis L. Redding City/County Bldg.
                                                800 North French Street, 9th Fl.
                                                Wilmington, DE 19801
                                                (302) 576-2185
                                                rtassone@wilmingtonde.gov
                                                lnnajemy@wilmingtonde.gov

Dated: January 13, 2022

## **CERTIFICATE OF COMPLIANCE**

United States District Court of Delaware Local Rule 7.1.3 (4) states the page limit for a reply brief is ten (10) pages. Pursuant to the Court's Standing Order of November 6, 2019, requiring a word count limit of 2,500 words for briefs subject to a ten (10) page limit, the undersigned hereby certifies that this brief contains 2,494 words, excluding the Table of Contents, Table of Citations and signature block. This brief has been prepared in a proportionally spaced typeface using Microsoft Word 365, size 14 Times New Roman font.

       /s/   *Rosamaria Tassone-DiNardo*
      Rosamaria Tassone-DiNardo, Esquire (No. 3546)